

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Lafferty v. St. Riel

Precedential or Non-Precedential: Precedential

Docket No. 05-5357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lafferty v. St. Riel" (2007). *2007 Decisions*. Paper 652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  05-5357

_____

DEBRA A. LAFFERTY; RANDOLPH C.
LAFFERTY, HER HUSBAND,

Appellants

v.

GITO ST. RIEL; ACHENBACH'S PASTRIES, INC.;
JOHN DOE; MARY DOE; ABC PARTNERSHIPS; DEF
CORPORATIONS; XYZ CORPORATIONS, JOINTLY,
SEVERALLY AND/OR IN THE ALTERNATIVE

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-04094)
Chief District Judge: Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before: McKEE, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed:  July 19, 2007)

Daniel J. Cahill, Esquire
Youngblood, Corcoran, Lafferty & Hyberg
1201 New Road
Suite 230, Cornerstone Commerce Center
Linwood, NJ   08221

Counsel for Appellants

Lloyd G. Parry, Esquire

Davis, Parry & Tyler
1525 Locust Street, 14th Floor
Philadelphia, PA   19102

      Counsel for Appellees


**<u>ORDER  AMENDING  SLIP  OPINION</u>**

AMBRO, *Circuit Judge*

      It is now ordered that the published Opinion in the above case filed July 13, 2007, be amended as follows:

      On page 2, in the caption, the address has been corrected from "NY" to "NJ", so that the last line of the first address reads "Linwood, NJ   08221."

      On page 5, in the last sentence of footnote 2 (continued from the previous page), "*id.*," which follows ". . . marketing activities," should be moved to the end of the line, so that the sentence reads as follows:

> "No discovery was undertaken to determine [the company's] State of incorporation" nor the extent of its marketing activities, and no mention was made whether "there [was] no district in which the action may otherwise be brought" under the statute.  *Id.*

      On page 7, the first sentence should be changed to read: "As the District Court noted, a federal court must apply the substantive laws of its forum state in diversity actions."

      On page 8, footnote 6, in the fifth and sixth lines, "court" should be "forum" in two instances, so that it reads "the transferee forum's statute of limitations is shorter than that of the transferor forum."

      On page 12, in the eighth line, the parenthetical "(New Jersey)" should be changed to read "(the District of New Jersey)."

      On page 13, footnote 7, add an "(a)" after "§ 1406," so that it reads "§ 1406(a)."

      On page 15, after the citation, "369 U.S. at 466–67," the two parentheticals

should be combined and changed to read, "(emphases added, citations omitted)."

On page 16, in the first sentence of the first full paragraph, "§ 1406(a) transfer" should be inserted between "the" and "provision," so that the sentence reads, "*Goldlawr* establishes the following: (1) the § 1406(a) transfer provision . . . ."

On page 17, in the first line "objections" should be changed to "objection."

On page 17, in the fourth line, "was" should be changed to "is."

On page 18, in the fifth line, add an "(a)" after "§ 1406," so that it reads "§ 1406(a)."

On page 18, in the ninth line of the paragraph beginning "In *Young v. Clantech, Inc.*, . . ." remove the hyphen from "re-filed" so that it reads "refiled."

On page 20, the first sentence of the paragraph beginning "The other Courts of Appeals . . .," should be changed to read, "The other Courts of Appeals that have considered this issue—the Second, Fifth, and Sixth Circuits—seem to have once applied . . . ."

On page 23, after the block quote, the word "emphasis" should be plural, so that the parenthetical reads, "(emphases added)."

On page 29, in the sixth line, replace "the" with "§ 5103(b)'s," so that it reads ". . . thus is not subject to § 5103(b)'s refiling requirements."

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: July 19, 2007
SLC/cc: Daniel J. Cahill, Esq.
         Lloyd G. Parry, Esq.

3